IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEVON HEATH LEMAY, ADC #140168                                                              PLAINTIFF

v.                                      No. 4:14CV00626 JLH

JOHN STEPHENSON, Doctor, UAMS;
and MATTHEW J. MAZOCH, Doctor, UAMS                                                      DEFENDANTS

**OPINION AND ORDER**

Devon Heath LeMay initially brought this action against UAMS, Dr. Matthew Mazoch, Dr. John Stephenson, and medical assistant Tina Williams. He sued under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights stemming from medical treatment he received. LeMay amended the complaint to drop the claim against UAMS, and this Court dismissed the claim against Williams without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Documents #26, 46. The remaining defendants, Drs. Mazoch and Stephenson, have moved for summary judgment. For the following reasons, the defendants' motion is granted.

LeMay is an inmate with the Arkansas Department of Corrections. Document #62 at 1, ¶ 1. While showering, LeMay fell and injured his wrist. *Id*. at ¶ 2. The injury required surgery, and on July 17, 2014, Dr. Stephenson performed an open reduction and internal fixation on LeMay's wrist. *Id.* Dr. Stephenson inserted three pins in LeMay's wrist to stabilize the injury and placed LeMay's arm in a cast. *Id.* Although Dr. Stephenson testified that two of the pins were external and the other pin was "intentionally buried" in LeMay's wrist, LeMay states that he could see and feel the three pins protruding from his wrist. Document #54 at 1, 4; Document #62 at 1, ¶ 2.

On September 8, 2014, Drs. Mazoch and Stephenson removed the cast and two pins from LeMay's wrist at UAMS. Document #54 at 1, ¶ 6; Document #62 at 1, ¶ 3. LeMay states that by this point only two pins were protruding. Document #62 at 1, ¶ 3. The complaint reflects that

LeMay was very concerned about whether the third pin was still in his wrist. Document #26 at 5. He says that Drs. Mazoch and Stephenson took an x-ray and told him that the third pin was not in his wrist and had fallen out on its own. *Id.* On the other hand, the doctors say that they were aware that the third pin was not removed and that Dr. Stephenson informed LeMay that it was not necessary to remove the pin unless it bothered him. Document #54 at 2, ¶ 8.

The doctors sent LeMay back to the Arkansas Department of Corrections with instructions to perform various exercises to reduce stiffness in his wrist. Document #62 at 2, ¶ 3. But while performing these exercises, LeMay felt the third pin in his wrist, and it began to cause him constant pain. *Id*. at 2, ¶ 4. On November 3, 2014, LeMay returned to UAMS for a follow-up with Dr. Stephenson and complained of the pain. Document #54 at 2, ¶ 2. Due to LeMay's discomfort, Dr. Stephenson scheduled LeMay to have surgery to remove the pin on December 19, 2014. *Id.* at 3, ¶ 15. LeMay alleges that he endured painful months and limited use of his left hand until the pin was removed by Dr. Stephenson in December 2014. Documents #26, 62 at 2.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict

in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).  If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

To state a claim pursuant to section 1983, LeMay must allege that Drs. Mazoch and Stephenson acted under color of state law and that they violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42, 48, 107 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The doctors, as employees of a public university, acted under color of state law for purposes of section 1983 when treating LeMay. *See West*, 487 U.S. at 54, 107 S. Ct. at 2259.  LeMay alleges that the doctors violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him with inadequate medical care.

To sustain a claim based on inadequate medical care, LeMay must show that he suffered from an objectively serious medical need that Drs. Mazoch and Stephenson subjectively knew about but deliberately disregarded. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). In other words, LeMay must make the following showings: (1) Drs. Mazoch and Stephenson  leaving the third pin in LeMay's wrist created an objectively serious medical injury, (2) Drs. Mazoch and Stephenson knew of the injury and deliberately disregarded it, and (3) their actions caused LeMay's injury. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The defendants argue that LeMay cannot show that he suffered a serious medical injury nor that they deliberately disregarded the injury. Deliberate disregard for a serious medical need "requires a mental state 'akin to criminal recklessness.'" *Jackson*, 756 F.3d at 1065 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). LeMay must present facts showing "more than negligence, more even than gross negligence" to show that the doctors acted with deliberate indifference. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Because LeMay has not alleged, let alone presented, any evidence that demonstrates that Drs. Mazoch and Stephenson deliberately disregarded his medical needs, the Court need not determine whether LeMay suffered an objectively serious medical injury.

LeMay merely alleges that Drs. Mazoch and Stephenson falsely told him that the third pin must have fallen out on its own and was no longer in his wrist. Document #62 at 1-2. LeMay argues that the doctors knowingly lied to him because LeMay is an "inmate with no insurance instead of a regular paying customer with insurance, and the[y] just wanted to be finished with him." Document #61 at 3. But LeMay has not presented any evidence to support this argument. The evidence shows only that the doctors placed three pins in LeMay's wrist initially, and when his cast was removed, the doctors removed two of the pins but left one pin in his wrist. The defendants have offered testimony from Dr. Brian D. Norton that a buried pin "does not require treatment, or even removal, unless it becomes located in a problematic area (such as a joint), or if the patient begins to experience discomfort." Document #53-10 at 1-2, ¶ 4. LeMay does not allege that he was in pain when he had his cast and the two pins removed on September 8, 2014. When Dr. Stephenson became aware of LeMay's discomfort, he scheduled an appointment for the third pin to be removed. LeMay has not shown that Drs. Mazoch and Stephenson "actually knew of but deliberately

4

disregarded" the pain caused by the third pin.  *See Jolly*, 205 F.3d at 1096 (quotation and citation omitted).

## CONCLUSION

The defendants' motion for summary judgment is GRANTED.  Document #52.

IT IS SO ORDERED this 24th day of October, 2016.

                                                           _____
                                                           J. LEON HOLMES
                                                           UNITED STATES DISTRICT JUDGE